# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENNAN MCNALLY, ) | |
| ) | Civil Action No: |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| CLIENT SERVICES, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

### INTRODUCTION

1. This is an action for damages brought by a consumer pursuant to the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692 *et seq.*

2. The FDCPA prohibits collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

### JURISDICTION AND VENUE

3. Jurisdiction arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. Venue in this District is proper in that Defendant regularly transacts business here and the conduct complained of occurred here.

### PARTIES

4. Plaintiff, Brennan McNally ("McNAlly") is a consumer who resides in Allegheny County, Western District of Pennsylvania.

5. Defendant, Client Services, Inc. is a Missouri corporation. Defendant may be served with process by serving its registered agent for service of process, Daniel K.

Barklage, 211 North Third Street, St. Charles, MO 63301. Defendant regularly engages in the collection of consumer debt using the mails and telephone.

6. Defendant regularly attempts to collect consumer debts alleged to be due another.

7. Defendant is a "debt collector" as that term is contemplated in 15 U.S.C. §1692a(6).

8. Plaintiff's alleged debt was for personal, family or household purposes, bringing Defendant's later collection activities within the purview of the FDCPA, 15 U.S.C. §1692a(5).

9. All collection activities alleged in this Complaint took place within the year preceding the filing of this lawsuit.

## FACTS

10. Plaintiff was the holder of a Citicard Visa charge card issued by Citibank.

11. Plaintiff reported the card lost and advised that most of the charges on this account were not his. Despite this, Defendant attempted to collect on this account.

12. Defendant never provided Plaintiff with a thirty (30) day validation notice.

13. Defendant advised plaintiff that he was not permitted to dispute the alleged debt.

14. Within the year preceding the filing of this complaint, Client Services left a communication in the form of a pre-recorded automated telephone message on Plaintiff's telephone.

15. The message stated: "[T]his message is for Brennan McNally, Brennan this is Marty Carr. My number is 1-800-521-3236 and Ext. 4264. Please return my call as soon as you get this message." (hereinafter referred to as the "message").

2

## COUNT I

16. The Plaintiff incorporates allegations set forth in paragraphs 1 through 15 as if more fully set forth at length herein.

17. Defendants violated the FDCPA in the following ways:

   a. By failing to send the plaintiff a thirty (30) day validation notice within five (5) days of the initial communication in violation of 15 U.S.C. §1692(g);

   b. By advising Plaintiff that he did not have a right to dispute the debt in violation of §1692g(a)(3); and

   c. By making a false or misleading representation regarding the character, amount or legal status of the debt in violation of §1692e(2).

WHEREFORE, Plaintiff, Brennan McNally requests that judgment be entered in his favor and against Defendant Client Services, Inc for:

   a. Actual damages pursuant to 15 U.S.C. §1692k;

   b. Statutory damages pursuant to 15 U.S.C. §1692k;

   c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

   d. Such other and further relief as this Honorable Court deems just and proper.

## COUNT II

### V. DEFENDANT'S VIOLATION OF §1692e(11)-FALSE OR MISLEADING REPRESENTATIONS AND COMMUNICATIONS

18. Plaintiff incorporates allegations set froth in paragraphs 1 through 17 as if more fully set forth at length herein.

19. The FDCPA, 15 U.S.C. §1692e(11), requires the debt collector to disclose in the initial communication that it is collecting a debt and any information provided by the

3

consumer will be used to collect the debt. In subsequent communications it requires disclosure that it is a debt collector.

20. The disclosure required by 15 U.S.C. § 1692e(11) applies to automated messages left for a consumer in that said messages are communications as defined by the FDCPA. See *Foti v. NCO Financial Systems, Inc.*, 2006 WL 779774 (S.D. N.Y. Mar. 25, 2006); *Hosseinzadeh v. M.R.S. Assoc., Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Joseph v. J.J. MacIntyre Cos., L.L.C.*, 281 F.Supp. 2d 1156 (N.D. Cal. 2003); *Stinson v. Asset Acceptance, LLC*, 2006 WL 1647134 (E.D. Va. June 12, 2006).

21. The automated message left by the Defendant fails to provide the disclosure mandated by 15 U.S.C. §1692e(11).

22. Defendant's violation of §1692e(11) renders it liable for actual damages, statutory damages, costs, and reasonable attorney's fees. (See 15 U.S.C. §1692(k)).

WHEREFORE, Plaintiff, Brennan McNally requests that judgment be entered in his favor and against Defendant Client Services, Inc for:

    c. Actual damages pursuant to 15 U.S.C. §1692k;

    f. Statutory damages pursuant to 15 U.S.C. §1692k;

    g. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    h. Such other and further relief as this Honorable Court deems just and proper.

4

Date: August 21, 2006  Respectfully Submitted:

By: /s/Jeffrey L. Suher
Jeffrey L. Suher, Esquire
Pa. I.D. No. 74924

4328 Old William Penn Highway, Suite 2J
Monroeville PA 15146
412-374-9005
412-374-0799 (fax)
jsuherlaw@adelphia.net

JURY TRIAL DEMANDED

5