IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BRENNAN McNALLY,

        Plaintiff,

v.

CLIENT SERVICES, INC., SCOTT MAY,
WILLIAM WATSON, DOMINIC MOZEE
a/k/a NICK MOORE, DENNIS FEARS
a/k/a RYAN FEARS, and REBECCA
SCHOEN,

        Defendants.

Civil Action No. 06-1104

Judge Terrence F. McVerry
Magistrate Judge Lisa Pupo Lenihan

Doc. Nos. 64, 67, 69, 71, 73

## AMENDED REPORT AND RECOMMENDATION[1]

**I.    RECOMMENDATION**

It is respectfully recommended that the Motions to Dismiss filed by Defendants Scott Bay (Doc No. 67), Dominic Mozee (Doc. No. 69), Rebecca Schoen (Doc. No. 71), and William Watson (Doc. No. 73) (the "Individuals Defendants") be granted. It is also recommended that the Motion to Dismiss (Doc. No. 64) filed by Defendant Client Services, Inc. (the "Corporate Defendant") be denied.

**II.    REPORT**

    **A. Relevant Facts**

Plaintiff, Brennan McNally ("Plaintiff") brings this civil action against the Individual

---

[1] This Amended Report and Recommendation is being filed to correct several clerical errors with regard to the names of the Individual Defendants and the District Court Judge assigned to the case. This Amended Report and Recommendation also reflects the correct spelling of Defendant Rebecca Schoen's last name, as provided in the Notice to the Court at Doc. No. 66. No changes have been made in the Court's findings of fact and legal conclusions.

Defendants[2] and the Corporate Defendant (collectively, the "Defendants") pursuant to 15 U.S.C. §1692 alleging injuries resulting from violations of the Fair Debt Collection Practices Act ("FDCPA"). This Court has original subject matter jurisdiction over Plaintiff's FDCPA claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Specifically, the Plaintiff alleges that the Defendants violated sections 1692d, 1692e, 1692f, and 1692g, by engaging in harassment or abuse, false or misleading representations, unfair collection practices, and failing to provide required notice of debts. In efforts to pursue Plaintiff's alleged debt, the Individual Defendants allegedly made several phone calls to the Plaintiff's parents' home wherein they advised Plaintiff to retain an attorney because CitiBank would be pursuing a lawsuit. (Compl. ¶ 18.) In addition, they allegedly warned Plaintiff that "his credit would be shot for 10 years" and that as a result his paycheck would be garnished. (Compl. ¶ 21.) Moreover, when the Plaintiff informed the Defendants that he would be disputing the debt, the Defendants allegedly failed to provide the notice required by the statute. (Compl. ¶ 29.) As a result, Plaintiff is pursuing actual and statutory damages for the Defendants' alleged violations of the statutory provisions.

Defendants have moved to dismiss the complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Specifically, the Corporate Defendant argues that Plaintiff's conclusory statements are insufficient to state a cause of action. The Corporate Defendant argues that actual damages are not recoverable since the alleged emotional injury claimed by Plaintiff is considered a natural result of someone facing a debt. (Client Serv.'s Mot. to Dismiss (Doc. No. 64)

---

[2]Plaintiff also named Dennis Fears, a/k/a Ryan Fears, as an individual defendant in this action. Defendant Fears has not waived service and is not represented by counsel for the other Defendants in this action. (Notice to the Court, Doc. No. 66, at ¶ 5.) To date, Plaintiff has not personally served Defendant Fears. This Court will be entering an order to show cause why this action should not be dismissed as to Defendant Fears for failure to prosecute.

at ¶ 13.) In addition, the Corporate Defendant argues that actual damages of "anger, anxiety, emotional distress are wholly improper" in the current case and that Plaintiff has failed to produce any evidence of such in the amended complaint or discovery. (Client Serv.'s Br. in Supp. of Mot. To Dismiss (Doc. No. 65) at ¶ 6.) Lastly, the Corporate Defendant argues that the lawsuit against the Individual Defendants is harassing and brought in bad faith. Since the Plaintiff neglected to dispute the debt in writing as required or take steps to cease communications as provided in the FDCPA's protections, Defendants submit that Plaintiff's claims are baseless. As a result, Defendants maintain that all claims should be dismissed with prejudice and both the Plaintiff and Plaintiff's attorney should be sanctioned to pay the Defendants' attorney's fees.

In support of their Motion to Dismiss, the Individual Defendants argue that the Court lacks personal jurisdiction over them, and that they do not fall within the meaning of the term "debt collector" as defined by the FDCPA. The Individual Defendants contend that as employees of Client Services, the FDCPA permits them to contact the Plaintiff regarding his debt. Therefore, the Individual Defendants urge that their motion to dismiss be granted.

In opposition, Plaintiff responds that under the notice pleadings standards he has provided sufficient information to alert the Defendants as to what is being pursued and therefore, the claims should withstand a motion to dismiss.

As set forth below, the Plaintiff has pled sufficient information to provide the Defendants with notice of each claim alleged. Therefore, the Court recommends that the Corporate Defendant's motion to dismiss be denied. However, the Court recommends that the motion to dismiss the Individual Defendants be granted.

B.  **Legal Standard**

As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-56 (1957)). The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F. 2d 939, 944 (3d Cir. 1985). The Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

C.  **Legal Analysis**

1.  **The Individual Defendants**

In their Motions to Dismiss, the Individual Defendants argue they are agents of their employer, Client Services, and not "debt collectors" for purposes of liability under section 1692, citing Pettit v. Retrieval Masters Creditors Bureau, Inc., 211 F. 3d 1057, 1059 (7th Cir. 2000). The Individual Defendants argue the FDCPA "does not contemplate personal liability for shareholders or employees of debt collection companies who act on behalf of those companies, except perhaps in limited instances where the corporate veil is pierced." Id. In opposition, Plaintiff urges it is well

established that an individual may be held personally liable under the FDCPA for the collection calls made in an attempt to collect the subject debt. In support of his argument, Plaintiff cites <u>Albanese v. Portnoff Law Associates, LTD</u>, 301 F. Supp. 2d 389 (E.D. Pa. 2004). Moreover, Plaintiff submits that the statute defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts . . . ." 15 U.S.C.A. § 1692a(6) (West 1998).

The Court finds that the holding in <u>Albanese</u> is distinguishable from the present case. In that case, both the president and associates were subject to individual liability. The court found that when individuals exercise control over the affairs and overall operations of an entity, individuals can be held liable on the part of an affiliated entity. <u>Albanese</u>, 301 F. Supp. 2d at 400. Here, unlike the individual defendants in <u>Albanese</u>, there are no allegations that any of the Individual Defendants exercised control over the collection agency's day to day decisions, practices, tactics, or training. <u>Id.</u> The Plaintiff argues, however, that an active role is enough to establish liability. (Pl.'s Br. in Opp'n to Mot. to Dismiss (Doc. No. 80) at 12.) Under established case law, individuals have been held liable only when they have been delegated certain powers which are not found in the current positions of the individual Defendants. <u>Pollice v. National Tax Funding</u>, 225 F.3d 379, 405 (3d Cir. 2000) (holding that partner qualified as debt collector under FDCPA and could be held vicariously liable for any violations by limited partnership acting as collector). In addition, as Client Services concedes, full relief may be obtained by the Plaintiff under the theory of vicarious liability since its employees acted within the scope of their employment. (Client Serv.'s Mot. to Dismiss at ¶ 5.)[3] As

---

[3] Defendants filed separate motions and briefs; for ease of reference, Court will refer to the motion filed by Defendant Scott Bay in Doc. No. 67.

the Seventh Circuit noted in Pettit, "[t]he FDCPA has utilized the principle of vicarious liability [so that] . . . the debt collection company and its managers have the proper incentives to adequately discipline,... instruct, and train employees to avoid actions that might impose liability." 211 F. 3d at 1059, citing U.S. EEOC v. AIC Sec. Investigations, Ltd., 55 F. 3d 1276, 1282 (7th Cir. 1995).

Since the Plaintiff is able to pursue full relief from Defendant Client Services, dismissal of Plaintiff's claim against the Individual Defendants will not result in any prejudice to Plaintiff, especially since no additional statutory damages can be awarded. Therefore, the Court recommends that the Motions to Dismiss filed by the Individual Defendants be granted.[4]

## 2. **Defendant Client Services**

### a. **Plaintiff's Notice Claim**

Plaintiff asserts a claim against Defendant Client Services for failure to provide adequate validation of debts pursuant to § 1692g of the FDCPA. Specifically, Plaintiff alleges that because the Corporate Defendant failed to provide the required notice, Plaintiff was unable to dispute the debt in writing as required by the FDCPA requires.

With regard to notice, 15 U.S.C. § 1692g(a) requires that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice . . ." which includes certain information. The Ninth circuit has held that a debt collector need not establish actual receipt by the debtor in Mahon v. Credit

---

[4]The Court finds no merit to Defendants' additional argument that the lawsuit against the Individual Defendants was for the sole purpose of harassment and should be sanctioned by a dismissal of the complaint. There is no Third Circuit precedent directly on point and the case law that does exist is far from clear on this issue. Therefore, the Court finds that sanctions are not warranted.

6

Bureau of Placer County, Inc., 171 F.3d 1197, 1201 (9th Cir. 1999). The Court stated that "[n]owhere does the statute require receipt of the Notice." Id. Therefore, receipt of the notice of debt, as a matter of law, is not required. However, whether such notice was sent is a genuine issue of material fact. Id.

As discussed above, for purposes of a motion to dismiss, the legal standard requires the court to accept as true all allegations of the complaint and to view all reasonable factual inferences in the light most favorable to plaintiff. Angelastro, 764 F.2d at 944. In the present case, Plaintiff argues that the Corporate Defendant failed to communicate and provide the required thirty day validation notice. (Pl.'s Br. ¶ 23.) In its motion to dismiss, the Corporate Defendant argues that Plaintiff plead lack of receipt of the notice. (Client Serv.'s Mot. to Dismiss ¶ 11.) This characterization is inaccurate. Plaintiff pleads, albeit inartfully, that notice was not sent. (Pl.'s Br. ¶ 39.) This is sufficient to state a claim pursuant to § 1692g at this stage of litigation. Therefore, the Corporate Defendant's motion to dismiss based on the lack of notice issue should be denied.

### b. Specific Statutory Violations

In support of its motion to dismiss, the Corporate Defendant argues that Plaintiff's conclusory statements are insufficient to sustain a cause of action against its alleged provisional violations of §§ 1692d, 1692e, 1692f, and 1692g.[5] Specifically, the Corporate Defendant maintains that Plaintiff has provided only conclusions, yet neglects to explain specifically how the Corporate Defendant violated the provisions.

Federal Rules of Civil Produce Rule 8(e)(1) requires that Plaintiff's pleadings be "simple,

---

[5] The claim for the alleged statutory violation of §1692g has been discussed seperately above in Part 2.a.

concise, and direct." Fed. R. Civ. P. 8(e)(1). The United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim of relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974.

In the amended complaint, Plaintiff alleges that the Corporate Defendant violated §§ 1692d, 1692e, and 1692f. (Pl.'s Am. Compl. (Doc. No. 39) at ¶ 18.) Respectively, these sections correlate with harassment or abuse, false or misleading representation of information, and unfair practices. The Federal Rules of Civil Procedure require notice pleading only. Per established law, there is no heightened standard as the Corporate Defendant suggests. Therefore, the Plaintiff has satisfied his burden of putting the Corporate Defendant on notice as to his allegations. In addition, a single alleged violation has been found to establish liability. Bentley v. Great Lakes Collection Bureau, 6 F. 3d 60,62 (2nd Cir. 1993). As a result, the Corporate Defendant's motion to dismiss for failure to state a claim should be denied on this issue.

### c. Actual Damages Issue

The Corporate Defendant argues that the actual damages Plaintiff seeks are not the type ususally recoverable as actual damages pursuant to the FDCPA. (Client Serv.'s Br. at ¶ 44.) Moreover, the Corporate Defendant argues that the emotional distress claimed by Plaintiff is not contemplated by the FDCPA because it is considered a natural consequence of the debt/debtor process. (Id.) The Corporate Defendant urges, as a result, that the maximum statutory damages allowed be limited to $1,000, and that Plaintiff's actual damages claim be dismissed.

With regard to damages, the FDCPA provides:

> [A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of–

> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;
>
> . . .
>
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

15 U.S.C. § 1692k(a)(1), (2), & (3). "The few courts that have addressed the issue of emotional distress as a measure of damages in a FDCPA case, have determined that such damages are recoverable." Teng v. Metro Retail Recovery Inc., 851 F. Supp. 61, 68 (E.D.N.Y. 1994) (citing Crossley v. Lieberman, 90 B.R. 682 (E.D.Pa. 1988), aff'd, 868 F.2d 566 (3d Cir. 1989)).

The district court in Teng found that "emotional distress is compensable as actual damages in a FDCPA case." Id. at 69. Moreover, the Teng court noted that the outrageous and reckless conduct standard for tort causes of action also applies to damages for emotional distress. Id. In Teng, after the defendants provided the plaintiff with false and misleading information, emotional distress was the only actual damage claim pursued by the plaintiff. The Teng court quoted Crossley v. Lieberman, supra for the tenet that violations of the FDCPA, "by their very nature" are considered and expected to cause emotional distress, making available damages for such violations. Id.

In the instant matter, Plaintiff asserts in his amended complaint that he has "suffered actual damages as a result of these illegal collection communications in the form of anger, anxiety, emotional distress, fear, frustration, humiliation, etc." (Pl.s' Am. Compl. (Doc. No. 39) at ¶ 33.)

9

Based on the above cited authority, these allegations are sufficient to withstand a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Accordingly, this Court concludes that Plaintiff has stated a claim for actual damages. Therefore, it is recommended that the Corporate Defendant's motion to dismiss for failure to state a claim should be denied.

**III.   CONCLUSION**

For the reasons set forth above, it is recommended that the Motions to Dismiss filed by Defendants Scott Bay (Doc No. 67), Dominic Mozee (Doc. No. 69), Rebecca Schoen (Doc. No. 71), and William Watson (Doc. No. 73) be granted. It is also recommended that the Motion to Dismiss (Doc. No. 64) filed by Defendant Client Services, Inc. be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a wavier of any appellate rights.

Dated:  November 28, 2007                                       By the Court:

                                                                LISA PUPO LENIHAN
                                                                United States Magistrate Judge

cc:     The Honorable Terrence F. McVerry
        United States District Judge

        All Counsel of Record

*Via Electronic Mail*