IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENNAN McNALLY, | Civil Action No. 06 - 1104 |
| Plaintiff, | |
| v. | Judge Terrence F. McVerry |
| | Magistrate Judge Lisa Pupo Lenihan |
| CLIENT SERVICES, INC., et al., | |
| Defendants. | |

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

I.  **RECOMMENDATION**

It is respectfully recommended that the Amended Complaint in the above-captioned case against Dennis Fears, a/k/a Ryan Fears, be dismissed due to Plaintiff's failure to prosecute this action.

II. **REPORT**

Plaintiff filed an Amended Complaint (Doc. No. 51) on May 16, 2007. The amended complaint names a number of individual Defendants including Dennis Fears, a/k/a Ryan Fears. The docket shows no indication that this Defendant was ever served and no attorney has entered an appearance on his behalf.

The undersigned issued an Order to Show Cause why this Defendant should not be dismissed for failure to prosecute dated November 29, 2007. The Order indicated that failure to respond by December 13, 2007 would result in a recommendation to the District Judge that Defendant Fears be dismissed for failure to prosecute. Nothing has been filed by Plaintiff as of this date.

1

**Plaintiff's Failure to Prosecute**

Plaintiff's Amended Complaint alleges violations of the Fair Debt Collections Practices Act by Client Services, Inc. and five individual defendants who were employed by that company at the time of the alleged events. On November 28, 2007 the undersigned filed an Amended Report and Recommendation that, *inter alia*, recommended that the Amended Complaint against all of the individual Defendants, with the exception of Fears[1], be dismissed for failure to state a cause of action.

A federal court has the discretion to dismiss a proceeding based on a party's failure to prosecute the action. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984), the Court of Appeals for the Third Circuit set out a six-factor balancing test to guide a court's analysis as to whether to dismiss a claim as a sanction:

    (1) the extent of the party's personal responsibility;

    (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

    (3) a history of dilatoriness;

    (4) whether the conduct of the party or the attorney was willful or in bad faith;

    (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

    (6) the meritoriousness of the claim or defense.

---

[1] As Fears had not been served no motion to dismiss had been filed on his behalf.

Although a court must balance the six factors, it need not find that all factors are met before it may dismiss an action with prejudice. Hoxworth v. Blinder, Robinson & Co., 980 F.2d 912 (3d Cir. 1992) (court applies some or all of the six-part test in reviewing sanction orders that deprive a party of the right to proceed with or defend against a claim); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (it is not necessary that all of the factors point toward a default before that sanction will be upheld). Under these directives, this Court will analyze the present action to determine whether Defendant Fears should be dismissed based on the Plaintiff's failure to prosecute.

Under the first factor, Plaintiff is represented by competent counsel and has not served this Defendant nor has he responded to this Court's show cause order. With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's Orders -- the Court assumes that had he been served, Defendant Fears would have filed the same Motion to Dismiss as was filed on behalf of the other individual Defendants. As he has not been served, Defendant does not have the benefit at this time of the Court's ruling on that issue. With respect to the third factor, Plaintiff has failed to respond to the Court's show cause order, nor has he effected service on this Defendant despite the fact that the Amended Complaint was filed over 6 months ago. With respect to the fourth factor, this Court cannot determine whether the conduct of the Plaintiff was willful or in bad faith. The fifth factor to consider is the effectiveness of sanctions other than dismissal. Because it is likely that Defendant Fears would be dismissed in any event, dismissal at this juncture seems to be the appropriate relief. The Court's Amended Report and Recommendation of November 28 addresses the meritoriousness of the claim against this individual Defendant as it appears that he is

similarly situated to the other individual Defendants whom the Court recommended be dismissed.

III.     **CONCLUSION**

The analysis of the six factors as applied to the facts before this Court reveals that the Amended Complaint in this action should be dismissed as to Defendant Dennis Fears, a/k/a Ryan Fears.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: December 17, 2007

BY THE COURT:

/s/ Lisa Pupo Lenihan
LISA PUPO LENIHAN
UNITED STATES MAGISTRATE JUDGE

cc:   Honorable Terrence F. McVerry
      United States District Judge

      Counsel of Record
      *Via Electronic Mail*