IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENNAN McNALLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1104 |
| | ) | Judge Terrence F. McVerry |
| CLIENT SERVICES, INC., | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that the Motion for Summary Judgment filed by Defendant be denied, as Plaintiff has submitted evidence sufficient to support a jury's finding of actual damages including emotional distress, and Defendant's assertions of entitlement to summary judgment as to (a) statutory damages and (b) costs and fees are entirely without merit.

**II. REPORT**

**A. Statement of Facts and Procedural History**

As more fully set forth in the parties' filings in this case, Plaintiff Brennan McNally ("McNally"), a young disabled student,[1] filed this action in August, 2006, against Defendant

---

1. Although Defendant asserts Plaintiff's disability to be "irrelevant and immaterial" to Plaintiff's claims under the FDCPA, "glaringly improper" and even "impertinent", see Reply to Plaintiff's Brief in Response at 5-6, the cases suggest otherwise. See, *e.g.*, Bach, *infra* note 4.

Client Services, Inc. ("Collector") for violations of the Fair Debt Collection Practices Act (the "FDCPA"); and the pleadings recount factual assertions of threats, misrepresentations, abuse and harassment by Collector in its attempts to obtain approximately $6,500 from McNally in payment of charges to his Citibank Visa card.[2]

The Court notes that the case docket, comprised of more than 100 entries, is unusually lengthy for a case of this circumscribed nature and/or contested amount, and that it includes, *e.g.*, multiple Motions regarding the necessity to compel discovery and depositions, Motions for Protective Orders, Motions to Amend and Oppositions thereto, Motion to Dismiss, Objections, Appeal, and Motions for Oral Argument and/or Hearings on preliminary matters.

Currently pending before this Court is Defendant's April 26, 2008 Motion for Summary Judgment, as to which Reply and Sur-Reply have been filed and on which this Court heard argument, at Defendant's request, on May 29th.

**B. Motion for Summary Judgment**

In deciding a motion for summary judgment, the Court considers whether the non-moving party has - through pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any - established any genuine issue of material fact sufficient for a reasonable jury to find in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 252 (1986). The non-moving party may not rest upon factually unsupported allegations contained in his pleadings; however, all inferences must be drawn and all doubts resolved in his favor. See Celotex Corp. v.

---

2. McNally asserts that a significant portion of those charges were disputed to Citibank, as fraudulent charges on a lost card, in advance of transfer of the debt to Defendant for collection.

Catrett, 477 U.S. 317, 325 (1986); Colburn v. Upper Darby Townshp., 946 F.2d 1017, 1020 (3d Cir. 1990). Only if the non-moving party fails to present evidence sufficient to establish an "element essential to that party's case, and on which that party will bear the burden of proof at trial", is summary judgment appropriate. Celotex, 477 U.S. at 322.

  **C.  Analysis**

For reasons well-presented at the recent Hearing, and in Plaintiff's Brief in Response to Defendant's Motion, this Court finds little merit in Defendant's Motion.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692, was enacted in recognition of, and with the intent of providing individual protections against, the use of deceptive, misleading and/or unfair practices in the collection of consumer debt. Where a collector is shown to have engaged in improper conduct, in violation of the Act, the FDCPA permits the individual subjected to such conduct to recover (1) actual damages, (2) statutory damages, and (3) costs and reasonable attorney's fees. 15 U.S.C. § 1692(k).[3]

Defendant asserts that it is entitled to summary judgment because (1) McNally is unentitled to actual damages where he has not proffered expert medical evidence that Defendant's collections conduct caused him emotional distress; (2) McNally is not entitled to statutory

---

3. Actual damages under the FDCPA are recognized to include damages for emotional distress as well as out-of-pocket expenses. See, e.g., Chiverton v. Federal Financial Group, Inc., 399 F.Supp.2d 96 (D.Conn. 2005); Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182, 185 (D.Del. 1991) (noting that actual damages under the Act include those for humiliation, embarrassment, mental anguish and emotional distress).

  Statutory damages are limited to $1,000, and the Court is to consider factors including the frequency, nature, persistence and deliberateness of the collector's non-compliance with the Act in assessing additional damages.

damages because (a) he cannot prove any actual damages and/or (b) Defendant's conduct was "neither frequent, persistent nor intentional"; and (3) McNally is not entitled to costs and reasonable attorney's fees as determined by the Court because he refused a February 8, 2007 Rule

68 Offer of $1,100 from Defendant.

**(1) <u>Actual Damages</u>**

In its initial Motion for Summary Judgment, Defendant cited to cases holding that an FDCPA plaintiff alleging emotional distress may not rely solely upon his own "conclusory" assertions (by, *e.g.*, conclusory testimony or affidavit). <u>See</u> Brief in Support of Defendant's Motion for Summary Judgment at 4 (citing <u>Tallon v. Lloyd & McDaniel</u>, 497 F.Supp.2d 847 (W.D. Ky. 2007) (holding plaintiff's affidavit of anxiety, loss of sleep and appetite insufficient). Although the Courts - including those cited by Defendant, Circuit Courts and Courts within this Circuit - have consistently held that a plaintiff's *own* evidence of emotional distress - where *properly detailed* rather than merely conclusory - is *sufficient* to actual damages under Federal debt-collection legislation,[4] Plaintiff, in response to Defendant's Motion, provided a

---

4. <u>See</u>, *e.g.*, <u>Bach v. First Union Nat'l Bank</u>, 149 Fed. Appx. 354, 361-62 (6th Cir. 2005) ("An injured person's testimony alone may suffice to establish damages for emotional distress provided she reasonably and sufficiently explains the circumstances surrounding the injury . . . ."); <u>id.</u> (concluding that consumer's own testimony of shame, embarrassment and anger was sufficient evidence of emotional distress in claim for actual damages under Fair Credit Reporting Act); <u>id.</u> (noting that plaintiff was "particularly vulnerable" to defendant's conduct owing to disability); <u>United States v. Balistrieri</u>, 982 F.2d 916, 931 (7th Cir. 1992). The Court notes that Defendant's pleadings provide citation to <u>Bach</u>.

<u>See also</u>, *e.g.,* <u>Crossley v. Lieberman</u>, 90 B.R. 682, 698 (E.D. Pa. 1988) (noting, in award of actual damages, that although plaintiff's testimony was uncorroborated, it was (a) not contradicted by defendant's evidence and (b) supported by evidence of specific actions

(continued...)

4

corroborating Affidavit from his mother, Bernadette M. O'Donnell, with whom he resides. See Brief in Response at 1, Exhibit A. Defendant then modified its argument as to the evidentiary standard. See Reply to Plaintiff's Brief in Response at 2-4 (asserting that "[i]n order to support an emotional distress damages claim under the FDCPA, Plaintiff must present competent medical or psychological evidence").[5]

Defendant is quite mistaken in its more recent assertion, reiterated in oral argument, that Plaintiff must provide expert medical evidence of emotional distress to maintain his claim. Indeed, even the case it relies upon does not support this standard. Cf. Reply to Plaintiff's Brief in Response at 3 (citing Cousins v. Trans Union Corp., 246 F.3d 359, 371 (5th Cir. 2001) for proposition that "[i]n order to support an emotional distress damages claim under the FDCPA, Plaintiff must present competent medical or psychological evidence"). Compare Plaintiff's Sur-Reply at 1 (more accurately quoting Cousins as holding that, under an appropriate extension of

---

4. (...continued)
suggesting emotional distress, *e.g.*, terminating employment to access pension contributions to repay debt); Comeaux v. Experian Information Solutions, 2004 WL 1354412 (E.D. Tex. 2004) (holding, in denying summary judgment, that detailed circumstances of injury, as testified to by plaintiff, were sufficient evidence to find genuine issue of fact); Holmes v. Telecheck Intern. Inc., 2008 WL 118064 (M.D. Tenn. Jan. 10, 2008) ("Plaintiff's credible testimony can support her own claim of emotional distress."); Laufman v. Phillips & Burns, Inc., 2008 U.S.Dist. LEXIS 4304 (M.D. Fla. 2008) (denying partial summary judgment where evidence of emotional distress was plaintiff's affidavit/testimony); Nelson v. Equifax Inform. Servs., 522 F.Supp.2d 1222 (C.D. Cal. 2007) (concluding plaintiff's testimony of specific effects sufficiently established emotional distress claim under FDCPA). See also numerous other cases in other Circuits (e.g., Georgia, Arizona, Minnesota) holding plaintiff's own testimony sufficient, as cited in Brief in Response, Section III(E) and in Plaintiff's Sur-Reply.

5. This was not the first time Defendant altered its position as to emotional damages under the FDCPA. See Plaintiff's Sur-Reply at 1, n. 1 (observing that Defendant "first argued in a motion to dismiss that emotional distress damages are not available under the FDCPA"). Compare Reply to Plaintiff's Brief in Response at 1 (acknowledging that the Act encompasses "recovery for emotional distress").

Carey v. Piphus, 435 U.S. 247 (1978), "federal claims for emotional harm" require "a degree of specificity which *may* include corroborating testimony *or* medical or psychological evidence in support of the damage award") (emphasis added).⁶

To the contrary, and as discussed above, the case law (including that cited by Defendant) is quite clear that although a plaintiff seeking actual damages under the FDCPA may not rely on *purely conclusory* statements, he *may* establish a fact question simply by evidence of emotional disability proffered in reasonable detail, particularly where that evidence is corroborated. The persuasiveness of the plaintiff's evidence is, of course, for the jury.⁷ In addition, and as duly noted in Plaintiff's Sur-Reply, this Circuit has held the standard to be "a reasonable probability rather than a mere possibility that damages due to emotional distress were . . . incurred". Gagliardo v. Connaught Laboratories, Inc., 311 F.3d 565, 573 (3d Cir. 2002) (upholding $2M award in discrimination action and concluding that evidence from co-workers and family of

---

6. Cf. Comeaux, *supra* n. 4 (quoting and applying Cousins with same emphasis to term "may"). As noted in Cousins, the Supreme Court held that a jury award for emotional distress under § 1983 "must be supported by evidence of genuine injury, *such as* evidence of the injured party's conduct and the observations of others." 246 F.3d at 371 (quoting 435 U.S. at 264 n. 20) (emphasis added).

7. See Anderson Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (holding that credibility determinations and the weighing of evidence are jury functions, not those of a judge deciding summary judgment). Cf. Comeaux, *supra* n. 4 (noting that the "evaluation of Plaintiff's emotional distress claim is a task best left for the jury") (quoting Kronstedt v. Equifax, 2001 WL 34124783, *12 (W.D. Wis. Dec. 14, 2001) (denying summary judgment where plaintiff offered specific testimony regarding defendant's conduct and emotional effects)).

effects on plaintiff's life sufficed) (citing <u>Spence v. Bd. of Educ.</u>, 806 F.2d 1198, 1201 (3d Cir. 1986)).[8]

Finally, Plaintiff's assertions to the contrary notwithstanding, this case clearly falls within the well-established exception to the general rule of expert testimony of causation, as the potentially distressing impact of threatening/abusive/harassing debt collection practices (*i.e.*, the ability of such practices to cause emotional distress) is indisputably within the understanding of the layperson juror and does not require resort to "speculation."[9] Indeed, the common understanding of such consequence is reflected in the FDCPA's specification of emotional distress as an element of damages where a collector has engaged in unlawful conduct.[10]

The Court trusts that, in maintaining entitlement to summary judgment even under a "reasonable probability" standard, as it did at oral argument, Defendant did not intend to suggest that a mother's evidence providing specific details regard her son's physical/emotional responses

---

8. Defendant is also mistaken in its assertion that the requirements of a state law claim are applicable. <u>See</u> Brief in Response at 10-11 (citing <u>Smith</u>, *supra*, in which the Delaware District Court reviewed Third Circuit cases and concluded that when violation of the FDCPA is established, "actual damages for emotional distress can be proved independently of state law requirements"); <u>id.</u> at 11 (citing <u>Wenrich v. Robert E. Cole, P.C.</u>, 2000 U.S.Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000) (damages for emotional distress recoverable under FDCPA without proving the elements of state tort)). <u>Compare</u> Reply to Plaintiff's Brief in Response at 3.

9. <u>Compare</u> Reply to Plaintiff's Brief in Response at 4 ("Without the benefit of medical testimony to establish a causal nexus, the jury would be forced to render an opinion based purely upon speculation . . . .").

10. <u>Cf.</u> <u>Crossley v. Lieberman</u>, 90 B.R. 682 (E.D. Pa. 1988), *aff'd* 868 F.2d 566 (3d Cir. 1989) (observing that violations of FDCPA "by their very nature" are considered/expected to cause emotional distress).

to Collector's alleged improper threatening and harassing conduct cannot constitute corroboration raising a material fact question.[11]

**(2) Statutory Damages**

For reasons aforesaid, Plaintiff has established fact questions regarding Defendant's collection practices sufficient to enable a reasonable jury to conclude that Defendant violated the FDCPA and that Plaintiff incurred emotional distress as a result of its improper conduct. The factors to be considered by the Court in determining the appropriateness of additional statutory damages are properly evaluated at that time.

**(3) Costs and Fees**

The Court understands Defendant's analysis, repeated during oral argument, to be that because it offered $1,100 in February, 2007, an amount more than the *statutory* damage cap, not only is Plaintiff barred from any recovery of costs or fees, but Plaintiff must pay Defendant's costs/fees from that date forward. See Brief in Support of Defendant's Motion for Summary Judgment at 10. While it is certainly true that consequences follow from rejection of a Rule 68 Offer where the judgment ultimately obtained is not more favorable, it is certainly *not* true that Plaintiff could not, in this case, obtain a judgment more favorable than Defendant's offer by, *i.e.*, an award of *actual* damages.

---

11. Cf., *e.g.*, Lambert v. Beneficial Mortg. Corp., 2007 WL 1309542 (W.D. Wash. 2007) (denying summary judgment where testimony of plaintiff and child sufficient evidence of emotional distress); Thomas v. U.S. Bank, N.A., 2007 WL 764312 (D. Or. 2007) (same); McKeown v. Sears Roebuck & Co., 335 F.Supp.2d 917 (W.D. Wis. 2004) (denying summary judgment on testimony of plaintiff and spouse). Cf. also Boris, 249 F.Supp.2d at 859 (finding testimony of plaintiff and two co-workers "sufficiently specific to constitute direct evidence of emotional distress, rather than being merely conclusory statements or speculation about future distress").

**III.  CONCLUSION**

For the reasons set forth above, it is recommended that Defendant's Motion for Summary Judgment be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

LISA PUPO LENIHAN
United States Magistrate Judge


Dated: June 11, 2008